UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff, | §<br>§<br>§ | |
| v. | § | CRIMINAL NO. 2:15-465-1 |
| | § | |
| GREGORIO NUÑEZ, JR.,<br>  Defendant. | §<br>§<br>§ | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Gregorio Nuñez, Jr.'s Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(1)(A)(1). D.E. 94.

**I. BACKGROUND**

In 2016, Defendant pled guilty to conspiracy to possess with intent to distribute 14.8 kilograms of cocaine. He has served 70 months (58%) of his 120-month sentence and has a projected release date, after good time credit, of January 13, 2024. Defendant now moves the Court to reduce his sentence to time served and/or order his release to home confinement because: (1) the Bureau of Prisons (BOP) cannot guarantee his safety from COVID-19; (2) the mother of his children died from cancer, and his own mother currently has custody of his children; (3) he has completed several educational classes while incarcerated; (4) he is working as a team group leader at UNICOR Fleet Vehicular Service; (5) he has had no disciplinary reports in the last three years; and (6) he has high blood pressure.

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—

1

>(1) in any case—
>>(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>(i) *extraordinary and compelling reasons warrant such a reduction . . .* and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Although not dispositive, the commentary to the United States Sentencing Guidelines ('U.S.S.G.') § 1B1.13 informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

>**(A) Medical Condition of the Defendant.—**
>(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>(ii) The defendant is—
>>(I) suffering from a serious physical or medical condition,
>>(II) suffering from a serious functional or cognitive impairment, or
>>(III) experiencing deteriorating physical or mental health because of the aging process,
>
>that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>**(B) Age of the Defendant. –**
>The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

>    (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;
>
> **(C) Family Circumstances. –**
>    (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>    (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> **(D) Other Reasons. –**
>    As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to

deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (internal footnotes and citations omitted).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

4

**III. ANALYSIS**

Defendant is 41 years old. He states that he has high blood pressure (hypertension), but he has provided no evidence that he has any underlying medical condition that would increase the likelihood of severe illness or death from COVID-19.[1] Assuming Defendant does suffer from hypertension, "nearly half of the adult population in the United States suffers from hypertension. . . . [The Court] cannot say that [this] condition[] makes [Defendant's] case 'extraordinary.'" *Thompson*, 984 F.3d at 434. Defendant also "can point to no case in which a court, on account of the pandemic, has granted compassionate release to an otherwise healthy defendant with [a] well-controlled, chronic medical condition[]" and who had completed only half of his sentence. *Id.* at 435. "The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *Koons*, 2020 WL 1940570 at *4. "General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence." *Id.* at *5. Without more, Defendant cannot meet his burden of showing that extraordinary or compelling reasons warrant his release.

Defendant also seeks compassionate release because "[m]y mother has custody of my children since my wife has since died from cancer while incarcerated. I would like to assume back the responsibility for my children's care." D.E. 94, p. 2. Defendant's wife and co-

---

1. According to the Centers for Disease Control and Prevention (CDC), older adults (age 65 and above) and people of any age who have certain underlying medical conditions are at higher risk for severe illness from COVID-19. *People with Certain Medical Conditions*, CDC (Mar. 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. People of any age with the following conditions *are* at increased risk of severe illness from COVID-19: Cancer, Chronic kidney disease; COPD (chronic obstructive pulmonary disease); Down Syndrome; Heart Conditions, such as heart failure, coronary artery disease, or cardiomyopathies; Immunocompromised state from solid organ transplant; Obesity; Severe Obesity; Pregnancy; Sickle cell disease; Smoking; and Type 2 diabetes mellitus. People with the following conditions *might be* at an increased risk for severe illness from COVID-19: Asthma (moderate-to-severe); Cerebrovascular disease; Cystic fibrosis; Hypertension; Immunocompromised state from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; Neurologic conditions, such as dementia; Liver disease; Overweight; Pulmonary fibrosis; Thalassemia; and Type 1 diabetes mellitus.

defendant, Maria Ernestin Hernandez-Cabada, was sentenced to 48 months' imprisonment on the same day Defendant was sentenced in 2016. According to the BOP's website, Ms. Hernandez-Cabada died on May 19, 2017. Defendant does not allege that his mother is unable to care for his children, only that "I would like to assume back the responsibility for my children's care." D.E. 94, p. 2. Most incarcerated parents would presumably like to care for their own children. While the Court sympathizes with Defendant's loss, this does not make his case extraordinary.

Defendant also emphasizes that he has taken a number of educational courses while incarcerated, is currently working as a team group leader at UNICOR Fleet Vehicular Service, and has maintained a clear disciplinary record for the last three years. While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

Finally, Defendant does not claim to have exhausted his administrative remedies within the BOP before filing the current motion. Because he has failed to comply with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it. *See generally Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016); *see also see also United States v. Reeves*, 2020 WL 1816496, at *2 (W.D. La. Apr. 9, 2020) ("While the Court is well aware of the effects the Covid-19 pandemic . . . , § 3582(c)(1)(A) does not provide this Court with the equitable authority to excuse Reeves' failure to exhaust his administrative remedies or to waive the 30-day waiting period."); *United States v. Clark*, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020) (denying motion for compassionate release based on fears of contracting COVID-19 in prison where defendant conceded he had not exhausted administrative remedies).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(1)(A)(1) (D.E. 94) is **DENIED**.

It is so **ORDERED** this 22nd day of March, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE